*In the Matter of the Boyce Living Trust*, No. 1685, September Term 2022.  Opinion by Zic, J.

**LIMITATION OF ACTIONS – STATUTE OF REPOSE**

Pursuant to § 14.5-605 of the Maryland Annotated Code, Estates and Trusts Article, an interested party may challenge the validity of a trust that was revocable at the death of the settlor within the earliest of either one year after the death of the settlor or six months after receiving proper notice of the trust.  Section 14.5-605 is a statute of repose, not a statute of limitations.

Circuit Court for Prince George's County
Case No. CAE22-15088

IN THE APPELLATE COURT

OF MARYLAND

No. 1685

September Term, 2022

_____

IN THE MATTER OF THE BOYCE LIVING
TRUST

_____

Friedman,
Zic,
Storm, Harry C.*
    (Specially Assigned),

JJ.

_____

Opinion by Zic, J.

_____

Filed: July 9, 2025

* Storm, Harry C., now retired, participated in the hearing of this case while an active member of the Circuit Court for Montgomery County, cross-designated to sit with this Court pursuant to the Constitution, Article IV, Section 18(b) and pursuant to Maryland Rules 16-102(d) and 16-108(b). He also participated in the decision and the preparation of this opinion.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

This appeal requires us to decide whether Maryland Code Ann., Estates and Trusts ("ET") § 14.5-605 (1974, 2022 Repl. Vol.),[1] which allows contests to the validity of a revocable trust within one year of the settlor's death, is a statute of repose or a statute of limitations. For the following reasons, we hold that § 14.5-605 is a statute of repose. We remand for further consideration of the request for assumption of jurisdiction.

## BACKGROUND

Joretta Boyce and her husband, Walter Boyce, executed the "Boyce Living Trust" ("2008 Trust") on August 2, 2008. The 2008 Trust named Joretta and Walter as trustees and primary lifetime beneficiaries. Walter designated his and Joretta's daughter, Janet Petway, as his successor trustee of the 2008 Trust, and Joretta named their granddaughter, Lynette Davis, as her successor trustee.

Walter passed away on March 11, 2018. On August 4, 2018, Joretta executed the "Amended and Restated Boyce Living Trust" ("2018 Trust"). The 2018 Trust designated Janet's son and appellee, Joseph Addison, as the successor trustee, thereby removing Lynette from the role. Joretta passed away on April 27, 2021.

On May 6, 2022, Lynette, Donnell K. Boyce, and Walter Boyce, Jr. (collectively, "Appellants"), all grandchildren of Joretta and Walter, filed a "Verified Petition for Assumption of Jurisdiction Over Trust and Accounting and Complaint for Declaratory Judgment, Conversion, Constructive Trust, Unjust Enrichment, Breach of Fiduciary

---

[1] Unless otherwise noted, all statutory references are to the Estates and Trusts Article.

Duties and For Injunctive Relief" ("Petition") with the Circuit Court for Prince George's County. Five family members separately filed identical objections to the Petition, arguing that Appellants' challenge to the 2018 Trust was untimely pursuant to § 14.5-605.

In response to the objections, Appellants contended that "Mr. Addison's actions, individually and collectively, constitute[d] fraudulent inducement[.]" Appellants reasoned that Mr. Addison's alleged fraudulent inducement precluded him and others from arguing that Appellants had filed an untimely petition pursuant to the "one[-]year statute of limitations imposed by [] § 14.5-605[.]"

Mr. Addison moved to dismiss the Petition, arguing that Appellants' challenge to the 2018 Trust was "time-barred" because § 14.5-605 "provides a clear and unambiguous limitations period to commence litigation to contest the validity of a trust that was revocable at the death of the settlor." During the November 10, 2022 show cause hearing, Appellants argued that a 2020 administrative order, which was amended by Chief Judge Joseph M. Getty in 2022, extended the tolling of statutes of limitations.[2] Mr.

_____

[2] *See* Final Administrative Order on the Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines Related to the Initiation of Matters and Certain Statutory and Rules Deadlines in Pending Matters During the COVID-19 Emergency, at 3, § (d) (Mar. 28, 2022), *available at* https://perma.cc/9D53-N7X7 (ordering "statutes of limitations and other deadlines related to the initiation of matters, . . . *nunc pro tunc* to March 16, 2020"). This amended order is the final of 13 extensions to the original order, Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines, which was issued by Chief Judge Mary Ellen Barbera on April 3, 2020. *Available at* https://perma.cc/HJS2-RYQY.

Addison continued to assert that § 14.5-605 is a "statute of repose," and that, therefore, the Petition was untimely.

The circuit court agreed with Mr. Addison and explained that "[a] statute of repose differs from [a] statute of limitations in that the trigger for a statute of repose period is unrelated to when the injury or discovery of the injury occurs." The court found it "very clear that [§ 14.5-605] was created by the legislators to protect a specific group[,]" and in this case, "those related to the validity of the [2018 Trust]." The court further stated that, for the amended 2020 administrative order to apply, Appellants would "have to have filed [the Petition] in a timely manner related to the timeframes outlined under [the order.]" The court dismissed the Petition in its entirety, without separately addressing the Petition's request for assumption of jurisdiction. Appellants timely appealed.

## QUESTIONS PRESENTED

Appellants present two questions for our review, which we have rephrased as follows:[3]

1. Did the circuit court err in finding § 14.5-605 to be a statute of repose rather than a statute of limitations?

---

[3] Appellants phrased the questions as follows:

1. Is the one-year period set forth in 2018 Md. Laws Ch. 257 (ET § 14.5-605) a statute of "Limitation," as described in the title, or is it a statute of repose that cannot be tolled, as the circuit court found in dismissing the complaint?

2. Did the circuit court err in dismissing the petition in its entirety as untimely, when all agree Count I was not subject to a timeliness objection?

3

2. Did the circuit court err in dismissing Appellants' request for the court to assume jurisdiction of the 2018 Trust and order an accounting?

For the following reasons, we affirm in part, and remand in part.

**STANDARD OF REVIEW**

In reviewing the grant of a motion to dismiss, we ask "whether the trial court was legally correct." *Davis v. Frostburg Facility Operations, LLC*, 457 Md. 275, 284 (2018). "[W]hether the circuit court's grant of the motion to dismiss was legally correct hinges on a question of statutory interpretation[,]" which we review *de novo*. *Sullivan v. Caruso Builder Belle Oak, LLC*, 251 Md. App. 304, 317 (2021).

**DISCUSSION**

**I.     SECTION 14.5-605 IS A STATUTE OF REPOSE.**

Before us, Appellants first argue that the circuit court erred when it concluded that § 14.5-605 is a statute of repose. Relying on *Elsberry v. Stanley Martin Cos., LLC*, 482 Md. 159 (2022), Appellants maintain that § 14.5-605 is a statute of limitations because the word "limitation" appears in the short title of the chapter law. Appellants additionally assert that "[n]othing in the statute's codified or uncodified text refers to repose[,]" which they argue demonstrates that § 14.5-605 is a statute of limitations. In his brief, Mr. Addison maintains that the absence of the phrase "statute of limitations" in both the statute itself and the session laws indicates that the Legislature did not intend for § 14.5-605 to be a statute of limitations, and, so, the circuit court correctly concluded that § 14.5-605 is a statute of repose.

4

Based on the parties' arguments, the first issue before us centers on statutory interpretation and the distinctions between statutes of limitations and statutes of repose. Statutes of limitations and statutes of repose are similar, yet distinct, time-based tools that restrict the availability of recovery. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 7-9 (2014) (describing the differences between statutes of limitations and statutes of repose). As explained by the Supreme Court of the United States:

> [B]oth are mechanisms used to limit the temporal extent or duration of liability for tortious acts. . . . There is considerable common ground in the policies underlying the two types of statute. But the time periods specified are measured from different points, and the statutes seek to attain different purposes and objectives.

*Id.* at 7; *see also*, *Anderson v. United States*, 427 Md. 99, 117-22 (2012) (clarifying the two types of statutes' individual characteristics and recognizing that prior case law offered divergent definitions of both).

The Supreme Court of Maryland recently elaborated on the characteristics of and distinctions between statutes of limitations and statutes of repose in *Roman Catholic Archbishop of Washington v. Doe*, 489 Md. 514 (2025). The analytical approach used in *Doe* is instructive, and we borrow its framework to shape our analysis here.

To determine whether § 14.5-605 is a statute of limitations or a statute of repose "requires an exercise in statutory construction." *Id.* at 548. The aim of statutory construction "is to discern and carry out the intent of the Legislature. Our search for legislative intent begins with the text of the provision we are interpreting, viewed not in isolation but within the context of the statutory scheme to which it belongs." *Id.* (quoting

5

*Westminster Mgmt., LLC v. Smith*, 486 Md. 616, 644-45 (2024) (internal citations and quotation marks omitted)).

After analyzing the plain text, we consider the "context of the statutory scheme and in light of apparent legislative purpose, we determine whether the statute is ambiguous." *Id.* at 549 (quoting *Westminster Mgmt., LLC*, 486 Md. at 645). If the statute is not ambiguous, "our inquiry generally ceases . . . and we apply the statute as written." *Id.* (quoting *Westminster Mgmt., LLC*, 486 Md. at 645 (citations omitted)); *see also*, *Elsberry*, 482 Md. at 179 (Maryland appellate courts "need not resort to other rules of statutory construction when the plain language of the statute unambiguously communicates the intent of the General Assembly.").

The Supreme Court of Maryland has recognized that "[c]ourt[s] may use the bill title, purpose, amendments, and earlier and subsequent [legislation[4]] as tools in reaching the correct statutory construction." *Elsberry*, 482 Md. at 187 (citing *Motor Vehicle*

---

[4] The Supreme Court uses the word "litigation" instead of the term supplied here, "legislation[.]" 482 Md. at 187. *Lytle*, *infra*, which *Elsberry* cites to as support for the quote above, reads:

> An appellate court may consider evidence such as a bill's title and function paragraphs, amendments that occurred as it passed through the Legislature, and its relationship to earlier and subsequent *legislation* to ascertain the Legislature's goal in enacting the statute.

374 Md. at 57 (emphasis added) (citing *Harris v. State*, 331 Md. 137, 146 (1993) ("We may also consider such evidence as a bill's title and function paragraphs, amendments that occurred as it passed through the legislature, its relationship to earlier and subsequent *legislation*, and other material . . . .") (emphasis added) (internal marks and citations omitted)). We make this observation for the sake of consistency and replace the word "litigation" with what appears to be *Elsberry*'s intended reference to "legislation[.]"

6

*Administration v. Lytle*, 374 Md. 37, 57 (2003)). "[T]he title of the bill consists of three parts: the short title, the purpose paragraph, and one or more function paragraphs." *Id.* While the bill title and other legislative history can be used in statutory construction, "we do not consider [uncodified provisions] in isolation[.]" *Doe*, 489 Md. at 558. Instead, Maryland appellate courts "may use legislative history as a 'check' on its plain text interpretation." *Elsberry*, 482 Md. at 190-91 (holding that when a statute's "literal text" is ambiguous, the "entire statutory scheme" may be considered to determine the Legislature's intent).

Appellants' plain language argument is based on *Elsberry*'s use of uncodified language in statutory construction and, specific to § 14.5-605, the use of the term "limitation" in the short title of the provision's chapter law. Beginning with the literal text, *id.*, § 14.5-605 provides that interested parties to a revocable trust may challenge the validity of said trust:

> within the earliest of:
> (1) 1 year after the death of the settlor; or
> (2) 6 months after the trustee sends the [interested parties] a copy of the trust instrument and a notice informing the [interested parties] of the existence of the trust, the name and address of the trustee, and the time allowed for commencing a proceeding.

Reading the literal text of § 14.5-605, its meaning is unambiguous: the time to contest a revocable trust is limited to the earlier of either 1 year after the death of the settlor or 6 months after receiving notice of the trust. Unlike the statutory provision at issue in

7

*Elsberry*, we discern no ambiguity in § 14.5-605's "literal text, read in isolation[.]" 482 Md. at 191.

Our plain language analysis of § 14.5-605, however, must be carried out in relation to our goal, "which is to determine whether the General Assembly intended the restriction period established . . . to operate as a statute of limitations or a statute of repose." *Doe*, 489 Md. at 553. Because the literal text does not unambiguously state whether the statute is one of limitation or repose, and "our obligation is to not give dispositive effect to any single phrase or feature of the statute," we turn to "the four typically distinct factors"—purpose, operation, trigger, and tolling—to discern the Legislature's intent. *Id.* (citation omitted).

## A.    Purpose

The purposes of statutes of limitations and statutes of repose contain overlapping features because "[b]oth encourage plaintiffs to bring claims in a timely manner, provide some measure of repose to defendants, and are based on a balancing of the interests of the parties and society." *Doe*, 489 Md. at 531. A statute of limitations requires plaintiffs "to pursue claims with diligence" and "represent[s] a public policy about the privilege to litigate." *Id*. at 531-32 (internal citations and quotations omitted). A statute of repose serves "to effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Id*. at 532 (citation and quotation omitted). "When enacting a statute of repose, a legislature balances the economic best interests of

8

the public against the rights of potential plaintiffs and determines an appropriate period of time, after which liability no longer exists." *Anderson*, 427 Md. at 121 (citation omitted).

The nature of a challenge to the validity of a given revocable trust limits the specific class of potential defendants to the administrators of said trust. Section 14.5-605, therefore, provides permanent immunity for those defendants through the implementation of the time bar by requiring parties to file within the defined period. Unlike the more amorphous class of "non-perpetrator" defendants at issue in *Doe*, 489 Md. at 555-56, here, § 14.5-605 provides a grant of immunity to a specific class of potential defendants, namely, trustees and successor trustees.

Further, looking at § 14.5-605's legislative history, the General Assembly noted in a session law floor report that, before the bill was enacted with the time limitations in 2018, the general statute of limitations had applied to actions contesting the validity of a revocable trust. Floor Report, House Bill 444, Estates and Trusts – Contesting Validity of Revocable Trust – Limitation ("Floor Report"), 2018 Maryland General Assembly at 1. The Floor Report explained that "time limitations for contesting the validity of a trust are *intended as a way to assist trustees with making timely and accurate distributions* from the trust." *Id.* at 2 (emphasis added). The time limitations in § 14.5-605 thus balance the creation of plaintiffs' statutory path for challenging a revocable trust's validity with the public interest in trust funds being distributed timely and accurately by means of extinguishing liability after the defined time periods lapse.

For these reasons, this factor weighs in favor of § 14.5-605 being a statute of repose.

**B.      Operation**

"The different purposes of statutes of repose and statutes of limitations are reflected in differences in how each typically operates." *Doe*, 489 Md. at 532. Statutes of limitations "do not create any substantive rights in a defendant to be free from liability." *Anderson*, 427 Md. at 118. Statutes of repose, however, "create a substantive right protecting a defendant from liability after a legislatively-determined period of time." *Id.* at 120 (citing *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989)). "The running of a statute of repose extinguishes the cause of action, not just the remedy." *Doe*, 489 Md. at 533 (citing *Anderson*, 427 Md. at 120-21). Furthermore, "[o]ur plain language analysis is ordinarily focused on what a statute *does*, not on the labels that are attached to it." *Id.* at 550 (emphasis added).

Section 14.5-605(1), in pertinent part, states that "[a] person *shall* commence a judicial proceeding to contest the validity of a trust that was revocable at the death of the settlor within [] 1 year after the death of the settlor" (emphasis added). The use of the mandatory word "shall" indicates that a party must file within the statutory deadline. *See Perez v. State*, 420 Md. 57, 63 (2011). If the party does not challenge the validity of the trust within the mandated timeframe, the cause of action is extinguished, thereby protecting defendants from future liability. This is consistent with the operation of a statute of repose. *Cf. Doe*, 489 Md. at 568 (holding that "the label the General Assembly

10

chose to affix to the provision is not dispositive because it is inconsistent with the features established by the plain language of the provision, legislative history, and statutory history"). We, therefore, conclude that this factor weighs in favor of § 14.5-605 being a statute of repose.

### C.     Trigger

Additionally, statutes of limitations and statutes of repose differ in their triggering events. *Doe*, 489 Md. at 533. "The trigger for a statute of limitations is 'typically . . . the accrual of a claim,' which is most often the occurrence or discovery of injury." *Id.* (citing *Anderson*, 427 Md. at 118). "[S]tatutes of repose are characterized by a trigger that starts the statutory clock running for when an action may be brought based on some event, act, or omission that is *unrelated to the occurrence of the plaintiff's injury*." *Anderson*, 427 Md. at 119 (emphasis added) (citations omitted); *see also Mathews v. Cassidy Turley Maryland, Inc.*, 435 Md. 584, 611-12 (2013) ("The chief feature of a statute of repose is that it runs from a date that is unrelated to the date of injury, whereas a statute of limitations always runs from the time the wrong is complete and actionable— and injury is always the final element of a wrong." (citation omitted)).

Appellants argue that § 14.5-605 is a statute of limitations because they "sustained no injury—or any injury was not yet final—until [Joretta] died, which is the trigger under § 14.5-605(1)." We do not agree. Despite the tragedy of losing a loved one, Appellants did not suffer any *legal* injury when Joretta passed away. Section 14.5-602(a)(1) states, "[u]nless the terms of a trust expressly provide that the trust is irrevocable, the settlor

11

may revoke or amend the trust." As the trustee, Joretta retained the authority to revoke or amend the trust at any time; similarly, Joretta's death, which rendered the 2018 Trust irrevocable, was not a legal injury to Appellants.

In sum, § 14.5-605 identifies specific events, unrelated to any legal injury, that trigger the statutory time periods: the earliest of either the settlor's death or notice by the trustee to interested parties. Neither the modification of a trust nor the death of the settlor constitutes a legal injury. Therefore, because the trigger events in § 14.5-605 are unrelated to an injury, this factor weighs heavily in favor of the statute being a statute of repose.

### D.    Tolling

"Also reflective of their different purposes, statutes of limitations are generally subject to tolling during the plaintiff's minority and for fraudulent concealment, while statutes of repose are not." *Doe*, 489 Md. at 534 (citing *Anderson*, 427 Md. at 118). "The difference arises because the main thrust of a statute of limitations is to encourage the plaintiff to pursu[e] his rights diligently, and when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose." *Id.* at 535 (citations and internal quotation marks omitted).

In *Doe*, the Supreme Court explained that the minority tolling provision, which delayed the limitations clock until the alleged victim reached the age of majority, was an essential part of the disputed Child Victims Act of 2017. *Id.* at 556-57. In contrast here,

§ 14.5-605 does not include exceptions to the express time limits anywhere in the text of the statute. Nor does § 14.5-605's legislative history indicate that the General Assembly intended the statute to be subject to equitable tolling. In short, there is no suggestion within either the text of § 14.5-605 or its legislative history that the time limits for contesting the validity of a revocable trust may be tolled in certain situations. Given this absence, we conclude that the tolling factor weighs in favor of the statute being one of repose.

**E.    The Alternative *Elsberry* Analysis In The *Doe* Dissent**

While the Majority opinion in *Doe* focuses on the "operative provisions," or codified portions, of disputed statutes, Justice Jonathan Biran, in his dissent, states that "the uncodified portions[] . . . are equally 'part of the statutory text'" for statutory interpretation purposes. *Doe*, 489 Md. at 579 (Biran, J., dissenting) (citing *Elsberry*, 482 Md. at 187). "A general principle of statutory construction under [the Supreme Court's] precedents is that the General Assembly knows what it is saying when it uses specific language." *Id.* at 577 (Biran, J., dissenting).

Justice Biran explains that discerning the intent of the Legislature "'starts with the text of the particular provision within the context of the statutory scheme of which it is part. Review of the legislative history of the provision may help confirm conclusions drawn from the text or resolve its ambiguities.'" *Id.* at 578-79 (Biran, J., dissenting) (quoting *In re O.P.*, 470 Md. 225, 255 (2020)). Maryland appellate courts, Justice Biran writes, "normally rel[y] on the purpose paragraph of the title to construe legislation"

because the words explicitly used by the Legislature in the purpose paragraph are part of the statutory text being interpreted. *Id.* at 583 (Biran, J., dissenting).

Applying Justice Biran's analysis here, the full title of § 14.5-605's chapter law reads:

> AN ACT concerning
>
> **Estates and Trusts – Contesting Validity of Revocable Trust – Limitation**
>
> FOR the purpose of requiring that a person commence a judicial proceeding to contest the validity of a trust that was revocable at the death of the settlor within a certain period; providing for the application of this Act; and generally relating to revocable trusts.

Chapter 257 of the Laws of Maryland 2018. The short title specifically states that the law is a "limitation" to any action contesting the validity of a revocable trust, but, importantly, does not use the complete term of art, *statute of limitations*. *See Doe*, 489 Md. at 600-01 (Biran, J., dissenting) (explaining that courts presume legal terms of art used by the Legislature maintain their legal meaning absent legislative history to the contrary (citation omitted)). The purpose paragraph further describes the "limitation" as requiring a party to commence an action "within a certain period." Chapter 257 of the Laws of Maryland 2018.

Contrary to what Appellants argue, the absence of the word "repose" and use of the general term "limitation" does not mean that the Legislature intended to create a statute of limitations; rather, only that the Legislature provided a "limitation" to the time period in which a claim may be brought. *See Doe*, 489 Md. at 600-01 (Biran, J.,

14

dissenting).  Section 14.5-605's text and the full chapter title are not indicative of the statute being one of limitations, because the legal term of art, "statute of limitations," is absent.  Instead, we understand the Legislature's words in the full title and in § 14.5-605, both separately and taken together, to describe a statutory right of action unrelated to any legal injury that extinguishes after the defined period.  Thus, even if we were to follow Justice Biran's dissent, we would come to the same conclusion:  Section 14.5-605 is a statute of repose.

## II.  THE CIRCUIT COURT DID NOT CLEARLY CONSIDER THE REQUEST FOR ASSUMPTION OF JURISDICTION.

Appellants contend that "[t]he circuit court also erred in dismissing petitioners' request for an accounting . . . [based on its] finding that the [P]etition was untimely[,]" because the time bar in § 14.5-605 does not apply to requests for assumption of jurisdiction.  Mr. Addison argues simply that "[t]he trial court reviewed the pleadings, held a hearing, heard testimony and opted not to assume jurisdiction over this trust."

We first examine the proceedings before the circuit court.  In Count I of the Petition, Appellants alleged that Mr. Addison abused his authority "by failing and refusing to provide any information related to the Boyce Living Trust's assets to the [Appellants]; including, but not limited to, a complete list of the Trust's assets, their values and any debts due and owing."  Appellants cited to Maryland Rules 10-501, 10-706, and 10-707, and requested that the court "assume jurisdiction over the Trust and order [Mr. Addison] to provide a complete accounting of the Boyce Living Trust's assets."  In his motion to dismiss, Mr. Addison argued that he "kept the [Appellants] and

15

family members updated on the management and activities of the Trust, including a monthly accounting spreadsheet" and that Appellants accepted and cashed check distributions of the 2018 Trust assets from Mr. Addison. Mr. Addison provided exhibits detailing communication to the beneficiaries and records of three separate cashed distributions to the Appellants on October 31, 2021, November 8, 2021, and March 6, 2022.

At the November 10, 2022 hearing, Appellants' counsel asked the court to assume jurisdiction, stating: "[W]e filed our petition for the [c]ourt to assume jurisdiction of the trust . . . . Purportedly [] Ms. Joretta Boyce, who survived her husband, signed an amended trust agreement in 2018. There is a dispute as to the validity of that subsequent document." Mr. Addison's counsel argued that the basis of the entire complaint ultimately rested on the underlying challenge to the 2018 Trust's validity.

Maryland Rule 10-501(a), which is distinct from § 14.5-605 and not subject to its timing restraints, provides in relevant part: "A fiduciary or other interested person may file a petition requesting a court to assume jurisdiction over a fiduciary estate[.]" A petition requesting a court to assume jurisdiction must contain certain elements, including "[t]he reason for seeking the assumption of jurisdiction by the court and a statement of the relief sought[.]" Md. Rule 10-501(c)(2). In *Jacob v. Davis*, this Court noted that:

> [T]he person who challenges the conduct of a trustee, must
> first allege that the trustee has a duty and has been derelict in
> the performance of this duty, and offer evidence in support of
> this allegation. Then, and not until then, does the trustee have
> the burden of rebutting the allegation. In the absence of such
> proof, there is no duty on the trustee to prove a negative:

16

> i.e., that he has not been derelict in the performance of his duties.

128 Md. App. 433, 455 (1999) (quoting *Goldman v. Rubin*, 292 Md. 693, 713 (1982)).

"A fiduciary shall keep records of the fiduciary estate and upon request of the court that has assumed jurisdiction over the fiduciary estate or any interested person, shall make the records available for inspection." Md. Rule 10-706. "Within 60 days after jurisdiction has been assumed or a fiduciary has been appointed, the fiduciary shall file an inventory and information report in substantially the form approved by the State Court Administrator and posted on the Judiciary website." Md. Rule 10-707.

Based on the record before us, it is unclear why the circuit court dismissed the Appellants' request for assumption of jurisdiction. In its order following the November 10, 2022 hearing, the court was silent regarding whether it would assume jurisdiction, instead dismissing the Petition in full without any discussion of the Petition's individual counts, including the request for the court to assume jurisdiction and order an accounting. Therefore, while the court properly found that § 14.5-605 was a statute of repose, it did not provide reasoning for its dismissal of the Petition in its entirety, including for dismissal of the request for the court to assume jurisdiction, in either the oral ruling or the subsequent order.

In short, the Petition's request for assumption of jurisdiction was a separate count from the challenge to the validity of the 2018 Trust. The request for assumption of jurisdiction relied upon Maryland Rules 10-501, 10-706, and 10-707, which do not contain the same time bar as § 14.5-605. Therefore, because we cannot ascertain from

17

the record before us why the court dismissed the request for assumption of jurisdiction, we remand to the circuit court for further consideration.

## CONCLUSION

Given § 14.5-605's purpose, operation, trigger, and lack of tolling, we hold that § 14.5-605 is a statute of repose. Section 14.5-605 allowed Appellants to challenge the validity of the 2018 Trust within one year after Joretta's death, and Appellants did not file a challenge within this statutory period. Thus, we affirm in part the circuit court's grant of the motion to dismiss Appellants' belated challenge to the 2018 Trust's validity. We vacate in part and remand for the court to reconsider whether to assume jurisdiction of the 2018 Trust and to order an accounting, and to make findings not inconsistent with this opinion.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR RECONSIDERATION OF COUNT I OF APPELLANTS' MAY 6, 2022 PETITION; COSTS TO BE PAID BY APPELLANTS.**

18